UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SFR INVESTMENTS POOL 1, LLC,<br><br>　　Plaintiff<br><br>v.<br><br>NATIONSTAR MORTGAGE LLC and FEDERAL HOME LOAN MORTGAGE CORPORATION,<br><br>　　Defendants | Case No.: 2:22-cv-00531-APG-VCF<br><br>**Order (1) Granting Motion to Dismiss and (2) Denying Motions for Injunctive Relief**<br><br>**[ECF Nos. 5, 6, 20]** |

　　Plaintiff SFR Investments Pool 1, LLC filed this action to stop a foreclosure sale of its property located at 337 Brilliant Summit Circle in Henderson, Nevada. Defendant Federal Home Loan Mortgage Corporation (Freddie Mac) is the current beneficiary of record on the deed of trust encumbering the property. Defendant Nationstar Mortgage LLC is Freddie Mac's servicer for the loan secured by the deed of trust. The parties agreed that the defendants would not proceed with the foreclosure sale until I resolved the pending motions for injunctive relief. ECF No. 11.

　　In its complaint, SFR asserts claims for violation of Nevada Revised Statutes (NRS) § 107.200 et seq. because Nationstar did not timely provide information that SFR requested under the statute. SFR also seeks to quiet title under NRS § 40.010, asserting that the deed of trust has been extinguished by operation of NRS § 106.240. In its motions for injunctive relief, SFR contends that the foreclosure sale should be enjoined because without the information that Nationstar is required to provide under NRS §§ 107.200 and 107.210, SFR cannot determine the payoff amount needed to save the property from foreclosure. It also argues that the deed of trust

has been extinguished by operation of NRS § 106.240, and therefore any foreclosure based on the deed of trust should be enjoined.

The defendants oppose SFR's motions, arguing that an injunction is unnecessary because they have now provided SFR with the information requested under NRS §§ 107.200 and 107.210.  And they contend that the deed of trust has not been extinguished because the debt was decelerated in 2019, thereby stopping the 10-year clock under NRS § 106.240.  The defendants move to dismiss the quiet title claim with prejudice on these same grounds.  SFR responds to the motion to dismiss by arguing that the rescission is ineffective because, under NRS § 104.3118(1), the rescission is untimely.

## I. MOTION TO DISMISS (ECF No. 20)

In considering a motion to dismiss, I take all well-pleaded allegations of material fact as true and construe the allegations in a light most favorable to the non-moving party. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017).  However, I do not assume the truth of legal conclusions merely because they are cast in the form of factual allegations. *Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1163 (9th Cir. 2017).  A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555.

NRS § 106.240 provides:

> The lien heretofore or hereafter created of any mortgage or deed of trust upon any real property, appearing of record, and not otherwise satisfied and discharged of record, shall at the expiration of 10 years after the debt secured by the mortgage or deed of trust according to the terms thereof or any recorded written extension thereof become wholly due, terminate, and it shall be conclusively presumed that the debt has been regularly satisfied and the lien discharged.

This section "creates a conclusive presumption that a lien on real property is extinguished ten years after the debt becomes due." *Pro-Max Corp. v. Feenstra*, 16 P.3d 1074, 1077 (Nev. 2001), *opinion reinstated on reh'g* (Jan. 31, 2001). Count two of SFR's complaint asserts a claim for quiet title, alleging that the deed of trust was accelerated in June 2011 and not timely decelerated, so the deed of trust was extinguished in June 2021 by operation of NRS § 106.240. ECF No. 1 at 3, 7.

The defendants move to dismiss this claim with prejudice, arguing that even if the 2014 notice of default accelerated the loan for purposes of NRS § 106.240, a rescission of the notice of default recorded in 2019 stopped the 10-year clock. They also contend that an unrecorded acceleration in 2011 does not start the 10-year clock. SFR responds that NRS § 104.3118(1) provides a six-year limitation period for breach of the loan. SFR contends that because the loan was accelerated in 2011, the defendants had until 2017 to decelerate the loan. SFR argues that because the defendants did not do so, the loan is locked into an accelerated state as of 2017 and the 2019 rescission is therefore too late to stop the clock under NRS § 106.240. The defendants reply that NRS § 104.3118(1) is a statute of limitations for a judicial action and thus does not control when a notice of default can be rescinded for purposes of NRS § 106.240 or when a lender can nonjudicially foreclose under a deed of trust.

A notice of default under the deed of trust was recorded against the property in August 2014. ECF No. 5-1 at 54-59. A rescission of the notice of default was recorded less than five years later in April 2019. *Id.* at 61-62. The Supreme Court of Nevada recently confirmed that a rescission like the one in this case decelerates the loan for purposes of § 106.240. *SFR Invs. Pool 1, LLC v. U.S. Bank N.A.*, 507 P.3d 194, 197-98 (Nev. 2022). Because the 2014 default was rescinded in 2019, the 10-year period NRS § 106.240 has not run.

SFR relies on an unrecorded acceleration in 2011.  But the Ninth Circuit has held that an unrecorded notice of acceleration does not start the clock for purposes of NRS § 106.240.  *See Daisy Tr. v. Fed. Nat'l Mortg. Ass'n*, No. 21-15595, 2022 WL 874634, at *1-2 (9th Cir. Mar. 24, 2022).  Because SFR's claim relies entirely on the possibility of an unrecorded acceleration, it fails as a matter of law.

Additionally, SFR's reliance on NRS § 104.3118(1) is misplaced.  That section provides that "an action to enforce the obligation of a party to pay a note payable at a definite time must be commenced within 6 years after the due date or dates stated in the note or, if a due date is accelerated, within 6 years after the accelerated due date."  But whether a judicial action is time-barred is a different question than whether a deed of trust has been accelerated and extinguished under NRS § 106.240.  The defendants have not filed an action to enforce the note, and no limitation period applies to a nonjudicial foreclosure.  *See Facklam v. HSBC Bank USA for Deutsche ALT-A Sec. Mortg. Loan Tr.*, 401 P.3d 1068, 1071 (Nev. 2017) (en banc).

Consequently, the deed of trust has not been extinguished by operation of § 106.240 as a matter of law.  I therefore grant the defendants' motion to dismiss this claim with prejudice because amendment would be futile. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) ("Although leave to amend should be given freely, a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile.").

## II.  MOTIONS FOR INJUNCTIVE RELIEF (ECF Nos. 5, 6)

To qualify for a preliminary injunction, a plaintiff must demonstrate: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships favors the plaintiff, and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555

U.S. 7, 20 (2008). Alternatively, under the sliding scale approach, the plaintiff must demonstrate (1) serious questions on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships tips sharply in the plaintiff's favor, and (4) an injunction is in the public interest. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

### A. NRS § 106.240

I have already dismissed with prejudice SFR's quiet title claim based on NRS § 106.240. SFR therefore has not shown a likelihood of success or serious questions on the merits for this claim.

### B. NRS § 107.200 *et seq.*

NRS § 107.210 provides that if an authorized person[1] requests a statement of the amount necessary to discharge the debt secured by a deed of trust, the lender must respond within 21 days setting forth:

> 1. The identity of the trustee or the trustee's personal representative or assignee, the current holder of the note secured by the deed of trust, the beneficiary of record and the servicers of the obligation or debt secured by the deed of trust;
> 2. The amount of money necessary to discharge the debt secured by the deed of trust on the date the statement is prepared by the beneficiary;
> 3. The information necessary to determine the amount of money required to discharge the debt on a per diem basis for a period, not to exceed 30 days, after the statement is prepared by the beneficiary; and
> 4. If the debt is in default, the amount in default, the principal amount of the obligation or debt secured by the deed of trust, the interest accrued and unpaid on the obligation or debt secured by the deed of trust, all fees imposed because of the default and the costs and fees charged to the debtor in connection with the exercise of the power of sale.

Section 107.260 allows the authorized person to also request a copy of the note or deed of trust at no additional charge. Under § 107.300(1), a deed of trust beneficiary "who willfully fails to

---

[1] The defendants do not contest that SFR falls within the statute's definition of a person authorized to request a statement. *See* NRS § 107.220(1)(a).

deliver a statement requested pursuant to NRS 107.200 or 107.210 within 21 days after it is requested is liable to the person who requested the statement in an amount of $300 and any actual damages suffered by the person who requested the statement." Willfully is statutorily defined to mean "an intentional failure to comply with the requirements of NRS 107.200 or 107.210 without just cause." NRS § 107.300(3).

Count one of the complaint alleges that the defendants failed to comply with NRS §§ 107.200 and 107.210 because SFR requested the required information but Nationstar did not timely and completely provide all of the required information. ECF No. 1 at 5-6. According to the complaint, Nationstar has a policy of willfully refusing to provide timely and complete responses. *Id.* at 6.

In its motion for injunctive relief, SFR contends that it is likely to succeed on the merits of its claim that the defendants failed to comply with NRS § 107.200 *et seq.* because it requested statements regarding the debt, but the defendants failed to provide all required information. SFR argues that injunctive relief is appropriate because without the payoff information, it cannot protect its interest in the property. The defendants respond that SFR is not likely to prevail on this claim because there is no evidence they willfully failed to provide the requested information. Further, they argue that they have now provided the payoff information, so an injunction is not necessary.

Even if SFR is likely to succeed on this claim, it has not shown that the balance of hardships tips sharply in its favor to support injunctive relief. SFR argues that without the requested information, it is unable to verify the debt and pay the amount necessary to avoid foreclosure. But SFR has the payoff information now. SFR has not explained why it does not have sufficient information to verify the debt and decide whether to pay off the loan to retain its

interest in the property.  If the defendants violated the statutory requirements, then SFR may be able to recover damages.  But the balance of hardships does not favor an injunction for this claim.

### III.  CONCLUSION

I THEREFORE ORDER that plaintiff SFR Investments Pool 1, LLC's motions for injunctive relief **(ECF Nos. 5, 6) are DENIED**.

I FURTHER ORDER that defendants Nationstar Mortgage LLC and Federal Home Loan Mortgage Corporation's motion to dismiss **(ECF No. 20) is GRANTED**.  Plaintiff SFR Investments Pool 1, LLC's quiet title claim is dismissed with prejudice, but its claim under Nevada Revised Statutes § 107.200 et seq. remains pending.

DATED this 13th day of September, 2022.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE